120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tu Ngoc TRAN, Petitioner-Appellant,
v.
Ivalee HENRY, Warden, Respondent-Appellee.
 No. 96-17024.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
Decided July 17, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Tu Ngoc Tran, a California state prisoner, appeals pro se the district court's denial of his habeas corpus petition pursuant to 28 U.S.C. § 2254. Tran contends that the evidence was insufficient to sustain his convictions. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, see Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and we affirm.
 
 
 3
 Tran contends that his convictions for robbery, false imprisonment, assault with a firearm, and brandishing a firearm with intent to resist arrest were not supported by substantial evidence because the evidence was insufficient to show he aided and abetted commission of the robbery. This contention lacks merit.
 
 
 4
 "A state prisoner may ... be entitled to federal habeas relief if he can show that the evidence adduced at trial was such that no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Martineau v. Angelone, 25 F.3d 734, 739 (9th Cir.1994) (citing Jackson v. Virginia, 443 U.S. 307, 324 (1979)). To be convicted as an aider and abettor under California law, the defendant must have acted "with the knowledge of the criminal purpose of the perpetrator and with an intent or purpose ... of encouraging or facilitating commission of the offense." People v. Beeman, 674 P.2d 1318, 1325 (Cal.1984). Such knowledge and intent can be proven by circumstantial evidence, including "presence at the scene of the crime, companionship, and conduct before and after the offense." People v. Campbell, 30 Cal.Rptr.2d 525, 529 (Cal.Ct.App.1994).
 
 
 5
 Tran was convicted on the theory that he aided and abetted commission of the robbery by acting as the getaway driver. The evidence at trial established that at 3:00 a.m., the time of the robbery, Tran was parked on the side of the freeway near an on-ramp which is only one house away from the victims' house. At least four perpetrators were observed running from the victims' house, and two of the perpetrators, one of whom was Tran's brother, were observed running up the on-ramp toward Tran's car. Fingerprints from two of the perpetrators were found on the car. Furthermore, expert police testimony indicated that Vietnamese home invasion robberies typically involve a stolen car, such as the one found in front of the victims' house, which is driven to another car at a nearby location and abandoned. See People v. Harvey, 285 Cal.Rptr. 158, 170-72 (Cal.Ct.App.1991) (upholding admission of expert police testimony on criminal modus operandi). We conclude from this evidence that a rational trier of fact could have found beyond a reasonable doubt that Tran aided and abetted commission of the robbery. See Martineau, 25 F.3d at 739; Beeman, 674 P.2d at 1325.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3